Filed 2/27/23  Direct Capital Corporation v. Brooks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DIRECT CAPITAL CORPORATION, | C095817 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CV-UBC-2014-0006707) |
| v. | |
| MARY BROOKS, | |
| Defendant; | |
| GRANT BROOKS, | |
| Appellant. | |

Code of Civil Procedure[1] section 685.040 permits a trial court to award reasonable and necessary costs of enforcing a judgment to the judgment creditor.  In this appeal, Grant Brooks challenges the trial court's section 685.040 award of attorney fees to

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

respondent Direct Capital Corporation (DCC) for its pursuit of a wage garnishment order against Grant arising out of a debt incurred by Mary Brooks, his then wife.**2**

In Grant's first appeal, a panel of this court ruled Grant was liable for the debt and affirmed the trial court's original garnishment order. (*Direct Capital Corp. v. Brooks* (2017) 14 Cal.App.5th 1168, 1170.) In Grant's second appeal, a different panel of this court affirmed the trial court's denial of Grant's motion to vacate/set aside the garnishment order. (*Direct Capital Corp. v. Brooks* (Feb. 2, 2021, C089980) [nonpub. opn.] (*Direct Capital*).) In this appeal, Grant argues the trial court misapplied case law when it made the award of attorney fees pursuant to section 685.040. We disagree and affirm.

BACKGROUND

The following comes largely from our prior opinion in *Direct Capital*, of which we take judicial notice on our own motion. (Evid. Code, § 452, subd. (d).)

DCC leased computer equipment to Mary, but after she failed to pay for the equipment DCC sued Mary and obtained a 2015 judgment for nearly $40,000 (which included over $6,000 in attorney fees). DCC later moved to garnish Grant's wages, alleging that when the debt was incurred, the marriage was intact, and the judgment was a community obligation. The trial court agreed and issued a garnishment order. (*Direct Capital*, *supra*, C089980.)

Grant appealed and in our 2017 opinion we explained that because it was undisputed the debt in this case was incurred while Grant and Mary were married and before they separated, Grant was liable for the debt in light of the trial court's findings (supported by the record) the debt was incurred for " 'necessaries of life.' " We affirmed

---

**2** Because Mary and Grant share the same surname, we refer to each by their first name in order to avoid confusion.

2

the garnishment order without prejudice to Grant's filing of a motion to vacate or modify it in the trial court. (*Direct Capital*, *supra*, C089980.)

Grant then sought to vacate or set aside the garnishment order in the trial court. (*Direct Capital*, *supra*, C089980.) The trial court denied that motion, and Grant's motion for reconsideration of the denial. (*Ibid.*) Grant appealed a second time and, in a February 2021 opinion, we affirmed. (*Ibid.*)

In June 2021, DCC filed a motion in the trial court seeking over $67,000 in attorney fees as costs pursuant section 685.040, which provides, in relevant part: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. . . . Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor . . . ." Among the attorney fees DCC sought were those incurred in "defending" Grant's two appeals.

In a 17-page minute order, the trial court granted DCC's motion in part, ruling the attorney fees DCC incurred to enforce the 2015 judgment — including attorney fees "incurred to pursue the wage garnishment against" Grant — were recoverable. The trial court denied DCC's motion to the extent it sought attorney fees related to Grant's two appeals. In February 2022, the trial court denied both parties' motions for reconsideration.

Grant timely appealed.

DISCUSSION

Grant contends the trial court misapplied *Cardinale v. Miller* (2014) 222 Cal.App.4th 1020 (*Cardinale*) when it awarded DCC attorney fees incurred in pursuing the garnishment order. Specifically, Grant contends *Cardinale* requires that before a section 685.040 award can be made against a third party, there must be a factual finding the third party conspired with the original judgment debtor to evade enforcement of the judgment. We disagree.

3

In *Cardinale*, the plaintiff won a judgment against the defendant, and later alleged in an enforcement action that the defendant — and others — conspired to prevent her from collecting on the judgment. The plaintiff was victorious in the enforcement action, and the trial court awarded attorney fees as costs under section 685.040 against the defendant and the others. (*Cardinale*, *supra*, 222 Cal.App.4th at pp. 1022-1025.)

The other parties challenged the award on appeal, arguing section 685.040 authorizes recovery only from the original judgment debtor. The appellate court disagreed, ruling section 685.040 "is broad enough to encompass fees expended to enforce a judgment against third parties," and observing that "[w]hile in the usual scheme of things the target of a fee motion under section 685.040 is presumably the original judgment debtor, the Legislature did not so restrict the provision's scope." (*Cardinale*, *supra*, 222 Cal.App.4th at p. 1025.)

The appellate court explained section 685.040 "imposes just 'two requirements before a motion for an award of postjudgment attorney fees may be awarded as costs: (1) the fees must have been incurred to "enforce" a judgment; and (2) the underlying judgment had to include an award for attorney fees pursuant to' " specific provisions of the Code of Civil Procedure. (*Cardinale, supra*, 222 Cal.App.4th at p. 1025.) Applying the facts at bar to that two-part test, the *Cardinale* court upheld the award against the other parties, explaining: "[T]hird parties who conspire[ ] with the judgment debtor to evade" enforcement of the judgment fall within section 685.040's terms. (*Cardinale,* at p. 1025.)

Grant argues conspiracy between a judgment debtor and the relevant third party (against whom section 685.040 costs are imposed) is a necessary element of the two-part test articulated in *Cardinale*. Not so. While third parties conspired with the judgment debtor in *Cardinale*, the opinion does not stand for the proposition such a conspiracy is a prerequisite to imposition of section 685.040 costs against third parties. In essence, Grant

conflates the *Cardinale* opinion's *application* of the section 685.040 two-part test with the test itself.

Accordingly, this claim is unpersuasive.

As Grant contends this claim is the "[s]ole issue" of his appeal,[3] we will affirm the trial court's order.

## DISPOSITION

The judgment (order) is affirmed.

/s/
_____
BOULWARE EURIE, J.

We concur:

/s/
_____
ROBIE, Acting P. J.

/s/
_____
DUARTE, J.

---

[3] In his reply brief, Grant raises for the first time on appeal the contention DCC's motion for attorney fees in the trial court was untimely. We will not consider this forfeited argument. (*American Indian Model Schools v. Oakland Unified School Dist*. (2014) 227 Cal.App.4th 258, 275-276 [fairness concerns militate against consideration of issues raised for the first time in a reply brief, as "consideration of the issue deprives . . . respondent of the opportunity to . . . rais[e] opposing arguments about the new issue"].)